IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

EASTERN DIVISION



**Eva S. Cooley**

**Plaintiff**

**Verse**                                         CIVIL ACTION NO. 2:22cv14-HSO-RHWR

Lamar County Sheriff Department, Lamar County Jail,        Defendants

The Board of Supervisors Lamar County, Mississippi,

Lamar County Sheriff Danny Rigel, AND  1-10 JOHN DOWES DEFENDANTS IS
UNIDENTIFED UNTO ALL IS INDENITIFIED. ALL DEFENDANTS IS SUE
INDIVIDUAL OFFICE CAPACITIES, JOB CAPACITIES, AND SUE OF
INDIVIDUAL PERSON CAPACITIES.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND JURY DEMAND

COME NOW. The plaintiff Eva S. Cooley pro. sed. attorney <u>in the Name of Jesus Christ.</u>
And bring this action to recover damages form the defendant's Lamar County Sheriff
Department, Lamar County Jail, The Board of Supervisors Lamar County, Mississippi,
Lamar County Sheriff Danny Rigel, AND  1-10 JOHN DOWES DEFENDANTS IS
UNIDENTIFED UNTO ALL IS INDENITIFIED. ALL DEFENDANTS IS SUE
INDIVIDUAL OFFICE CAPACITIES, JOB CAPACITIES, AND SUE OF
INDIVIDUAL PERSON CAPACITIES.

<u>for Article Sec 10 of the Mississippi Constitution and the Fourth Amendments, Fifth</u>

<u>Amendments, and Sixth Amendment of The United States, Constitution will be violated</u>

1

Negligence, gross Negligence, Bad Faith, Negligent misrepresentation, violation

of 42 USC 1983 and 1988, false arrest Miss. Code 15-1-35, Malicious

Harassment, Assault and Battery, Slander and Libel, Intentionial and negligent

infliction of emotion distress, Malicious Prosecution, Abuse of process,

Outrageous Conduct, Racial Profiling, Stereo Type, Racist Citizening,

Illegal Search, Bias Prejudice, and other causes of action and would

state the fact's follows to wit:

# I.

The plaintiff Eva S. Cooley moves the court to order the defendant's Lamar County
Sheriff Department, Lamar County Jail, The Board of Supervisors Lamar County,
Mississippi, Lamar County Sheriff Danny Rigel, AND 1-10 JOHN DOWES
DEFENDANTS IS UNIDENTIFED UNTO ALL IS INDENITIFIED. ALL
DEFENDANTS IS SUE INDIVIDUAL OFFICE CAPACITIES, JOB CAPACITIES,
AND SUE OF INDIVIDUAL PERSON CAPACITIES. to produce and permit by the
defendant or defendant counsel the inspection of and the copying and/or photographing of
the following:

1. Any document, papers, books, accounts, letters, photographs, objects, or tangable
things not

privileged, which constitut or contain evidence material to any matter involved in the
action and

which are in possession custody or control of state or any of its agencies:

2. Any written statements of the defendant (s) and plaintiff.

3. Any oral statements of the defendant (s) and plaintiff.

4. The prior criminal record of the defendant (s) and plaintiff.

5. The criminal records of the state's witness.

6. Any evidence which in anyway is exculpatory to the defendant (s).

7. Any tape recording of the interviews with the defendant (s) by any law enforcement agent (s).

8. Any tape recording of the interviews with the plaintiff by any law enforcement agent (s).

## II.

This court has jurisdiction of the parties and subject matter.

## III.

The plaintiff is an adult resident of Pearl River County, Mississippi

## IV.

1. The actions complained of herein occurred in Lamar County, Mississippi.

Jurisdiction is appropriate in this Court pursuant to 28 USC §§ 1331, 1343,

and 1367 in that this action is founded upon 42 USC §§ 1983 and 1988.

Ancellary state law claims are also brought in this proceeding pursuant

to 28 USC § 1367.

2.Venue is proper in this Court pursuant to 28 USC § 1391 because

the actions complained of herein occurred in Lamar County, Mississippi

and because the Defendants reside in and/or may be served in

Lamar County, Mississippi.

3. Plaintiff was at her sister residents in Purvis, Ms on or about October 22, 2018

4. The Plaintiff's arrest and prosecution by the Defendants came about as a result of a relationship between the named members of the Lamar County Sheriff Department, Lamar County Jail, The Board of Supervisors Lamar County, Mississippi, Lamar County

Sheriff Danny Rigel, AND 1-10 JOHN DOWES DEFENDANTS IS UNIDENTIFED
UNTO ALL IS INDENITIFIED. ALL DEFENDANTS IS SUE INDIVIDUAL OFFICE
CAPACITIES, JOB CAPACITIES, AND SUE OF INDIVIDUAL PERSON
CAPACITIES.

5. The plaintiff submitts this claim of providing you notice on a tort negligence claim and
violation of civil rights, which occured on or about October 22, 2018.

6. on that day on or about October 22, 2018 I, the Plaintiff sustained injuries as a result
of my arrest and incarceration at the Lamar County Jail.

7. The injuries I, The plaintiff recieved consisted of but was not limited to brusies and
contusions to my arms and legs and injuries to my hands, writs, and arms, my chest and
legs.

8. I, The plaintiff also suffered emotionally and mentally as a result of the treatment and
physical assault from the defendants.

9. The Plaintiff was arrested due to Lies that Lorraine Jordan and Lavivan Jordan Wilson
told the officers of the arrest from the **Lamar COUNTY SHERIEFF'S
DEPARTMENT AND LAMAR COUNTY JAIL.** The plaintiff believed it to be <u>Racial
Profiling, Stereo Type, Racist Citizening, Illegal Search, Bias Prejudice,</u> and other causes
of action and would state the fact's follows  related.

# V.

Please be advised that this document is being forwarded by me Eva Cooley for the
purpose of providing you Notice intent to sue And Notice of Tort Claim of Ms. Eva
Cooley. Notice on a Tort Negligence Claim and violatin of civil rights, which occured on
or about October 22,2018. On this day I sustained injuries as a result of my arrest and
incarceration at the Lamar County Jail. The injuries I recieved consisted of being tasered
over and over by the jailors, jail bookers, and guards etc.


## A.  Claims

1. Negligence in the arrest, transportation, booking and the providing of medical care of a
person detained and held in custody.

2. Simple assault upon a person held in custody.

3. Wrongful arrest and wrongfully withholding medical attention and treatment to a

person detained in custody.

4. Such other claims as may be uncovered and discovered during the investigation of this matter.

5. Pain and suffering.

**B.  Statement of Facts (Including circumstances that brought about the injury and extent of injury, time and place the injury occured)**

    I, Eva Cooley was at my siters house when Lavivian Jordan, Lorain Jordan, and Bertina Jordan pull up to my sister house in purivs Emma Young and the police came over to. Also My daughter Vantasia Cooley and my Granddaughter came over and my brother Mike Cooley came over and ask why are they here and the police. So Lavivian lied and to the officer I was on drugs and I need help and I told them I'm not on drugs Cause Lavivian and her mom is the drug dealers cause they saleing their pain medicine to people for money. So they both ask me for $1,000.00 I told them if I had it they was not going to get it. So then they said well you know how to get that big money that crazy money. I told them no I don't play those games. I took my medicine and told them to leave me alone. So I started playing with my granddaughter and nephew with my granddaughter golfset. So the lady ask me to talk to her a black officer so I did. I was telling her about the Boler guy that told me he was going to kill me and break my windows out my car and I drove back from my brother Darnell Cooley house to my sister house and told her what happened and I told Daryl Daniels what had happen. he told me he would call me back on his lunch break. But I never got the call cause Levivian Jordan Wilson come and sit down in front of me calling me crazy and saying I'm on drugs so we was about to fight. Then the officer stop it and put me in the police car I didn't do nothing to her. So they took me to Jail for no reason. Then Two lady officers lied and said I bite her but she knew that was my sister's door outside got her. So they put me in a room and took my clothes and put mat and cover. Then 3 ladys came back in told me get those clothes on now. I told them ain't No clothes in here to put on cause I was cold and I told them if clothes was there show me so I can put them on. So then the girl started to Taz me and said O my God only one hit her the other ladys pull the cover off me and she Tazzed Me over and over and over and over then they put me on my knees  and Tazzed me more by putting the Tazzers to my body and laughing. So I was bleeding and telling them to stop Tazzing me but they didn't by this time my babies are not moving and I feel something warm came out my body smelling like blood and they still Tazzed me and I'm down on all four not fighting or anything. So I tell them I told Ya'll I was Pregnant when I came in here and they said so who cares. At this point I'm Mad and I told them if you

5

don't stop Tazzing my babies out of me I'm going to take yall to court about this wrongful doing. So they put a Spider on my ass and was laughing as they bite me. Then put me down on floor so guy could come and get other Leds out of my body. Then they put me in a Body suit on the floor there was spiders that bite me more. So they come back in to redo the suit and had made it so hard till it was hurting and cutting my skin. Then they come back in with clothes and ask me am I going to do right I just looked and told them I didn't do nothing to them and babies did nothing to them to be Tazzed like a dog to lose my babies. So they open the mat and remove handcuff from feet and hand. They told me to get up I told them I couldn't move. So they told me do you want to be Tazzed again and I told them you have made me Lose my Babies already for Tazzing me for no reason. The three ladies laughted and said you about to get Tazzed again for not getting up and putting on these clothes on I have for you. You Said that your ass was cold. They left out laughting. So I tried my best in pain and hurting to put on the clothes and I told them I want to talk to Lt. Chapton, Sergent and the man that over this jail. I asked for the Sheriff over and over. They took me to cell where they kept me and did me like a dog. I ask for my number to call my family and I didn't get it for a whole week. I ask for paper and pencil to request packet. I also ask for pads, change of clothes, and the nurse. I got Neither one. not even a shower or food right off. When the lady that allowed the lady to do me like a dog came she was playing with my food, she had them to turn my water off I went two days without shower and water. Lt. she came in some day with a guy and took all my stuff then come back and hand me food only to smell like shit and Lt. she was laughing but was mad when she saw I didn't eat that food. I asked about my cell being cleaned she Lt. going to say it's clean I told her I have Sinus and It's hard for me to breath. I continue to write grivence and request that so close by her. On Night shift the Little nice lady gave me change of clothes and some under wear and pads cause on day shift I told her what happened to me she told me to write it down. I told her my personal information to contact my family or to write and I continue to tell them I need my Medicine to take. I got nothing no Doctor, No nurse, Captain, Sergent, Mayor nothing but the Lt. that told her workers what not to give me and how to treat me.

## C. Names of all Persons known to be involved.

The names of all persons known, at this time, includes but is not limited to, The Deputies invovled, The jailors invovled, The Lt involved, all defendants unknown and known Lamar County Sheriff Department, Lamar County Jail, The Board of Supervisors Lamar County, Mississippi, Lamar County Sheriff Danny Rigel  AND  1-10 JOHN DOWES DEFENDANTS IS UNIDENTIFED UNTO ALL IS INDENITIFIED. ALL

6

DEFENDANTS IS SUE INDIVIDUAL OFFICE CAPACITIES, JOB CAPACITIES, AND SUE OF INDIVIDUAL PERSON CAPACITIES.

**D. Amount of money damages sought**

$500,000.00 or the Maximum statutory damages allowed under Mississippi Law and Damages for the violation of my civil rights in the amount of $250,000.00. Total damages sought in the amount of $750,000.00

**E. Residence of the person making the claim at the time of the injury and at the time of the filing the notice.**

The residence address of Eva Cooley at the time of the injury was 211 Hope Street, Poplarville, Ms. 39470 and my present address is P.O. BOX 870081 ,Morrow, Ga 30287 at the time of this notice.

# VI

The Plaintiff sues the Defendants based upon the facts herein stated and asserts the following causes of action:

(a) Violation of 42 USC §§ 1983 and 1988.

(b) False arrest – Miss. Code 15-1-35

(c) Malicious harassment and harassment of guide dogs – 97-41-21

(d) Assault and battery.

(e) Slander and libel.

(f) Intentional and negligent infliction of emotion distress.

7

(g) Malicious prosecution.

(h) Abuse of process.

(i) Outrageous conduct.

(j) Article Sec 10 of the Mississippi Constitution and the Fourth Amendments, Fifth

Amendments, and Sixth Amendment of The United States, Constitution will be violated

Negligence, gross Negligence, Bad Faith, and Negligent misrepresentation.

(k). Racial Profiling,

(l) Stereotype

(m) Racist

(n) Illegal Search

# VII

# ALL CLAIMS INDVIDUAL AND OFFICIAL CAPACITIES

# TO ALL DEFENDANTS

Plaintiff incorporate by reference, insofar as relevant, the allegations of the above and

forgoing paragraphs of the plaintiff claims and causes this action.

1. Plaintiff incorporate by reference, insofar as relevant, the allegations of the above

and forgoing paragraphs of the complaint by way of stating the following claims,

counts, and causes of action.

2. The Wrongful Conduct alleged in the subject complaint, giving rise to the claims

and causes of action pleaded, occured and accured in Lamar County, Mississippi.

3. Intentionial and negligent infliction of emotion distress. In the premises alleged, The

Negligence of the defendants proximately caused the intentional infliction of

emotional distress upon the plaintiff.

4. As a result of the gross negligence

5. Defendants are all employees of Lamar County, Mississippi

6. Gross Negligence in the premises alleged, the negligence of the defendants was gross

and willful negligence which was the substanial equivalent of Intentional torts, and was

illegal per se or the Substantial equivalent of illegal and criminal conduct which

caused or contributed to the cause of the damages to the Plaintiff.

7.  In the premises alleged, the defendants were negligent or failed to exercise due and reasonable care which proximately caused or contributed to the cause of the damages to the plaintiff.

8. Negligent in the premises alleged, defendants were negligent per se because of negligent, gross negligent, Intentional and illegal violation of the statutes and laws of Mississippi. and other applicable statutes and regulations.

9. Liability it was the duty of the defendants on all relevant occasions, and specifically at the time of the assault in question, to exercise due and reasonable care to make certain that the defendants Lamar County Sheriff Department, Sheriff Danny Rigel, Guards, Jailors, and Deputy's  actions was suppose to been reasonably fit, suitable, and safe for the plaintiff.

10. Defendants negligently, intentionally or illegally failed to fulfull their duty to provide the plaintiff, with the proper and standard care and supervision with a reasonably fit,

10

suitable, and safe.

11. Negligent Infliction of Emotional Distress. in the Premises alleged, The negligence of the defendants proximately caused the negligent infliction of emotional distress upon the plaintiff.

12. As a result of the negligence of the defendants, the plaintiff suffered actual physical injuries and damages which directly resulted from defendants negligence.

13. In the premises, defendants are liable to the plaintiffs for the negligent infliction of emotional distress.

14. Intentional infliction of emotional distress In the premises alleged, the gross negligence intentional torts and illegal and criminal acts of the defendnats proximately caused the intentional inflction of emotional distress upon the plaintiff.

11

15. As a result of the gross negligence and intentional acts of the defendants, the plaintiff, suffered actual physical, mental, emotional, and other damages which directly caused plaintiff to suffer emotional distress.

16. plaintiff emotional distress directly resulted from the intentional, grossly negligent, willful and illegal acts of the defendants.

17. In the premises, Defendants are liable to the plaintiff for the intentional infliction of emotional distress.

18. Failure to properly train and supervise defendants failed to properly train and supervise Sheriff Danny Rigel of the Lamar County Sheriff Department, The Board of Supervisors Lamar County. The failure to properly train and supervise said individuals in question by the defendants proximately caused the injuries and damages of the plaintiff.

19. Malice the acts and omissions of the defendants, as pleaded herein, were overtly illegal, and otherwise repulsive to the average man or woman. Defendants committed

12

a willful, intentional, and malicious violation of the Statutes and regulations of Mississippi.

20. As a direct and proximate result of these intentional and illegal acts of the defendants. the plaintiff suffered personal injuries and damages, as alleged.

21. Abuse of process which was the substanial equivalent of Intentional torts, and was illegal per se or the Substantial equivalent of illegal and criminal conduct which caused or contributed to the cause of the damages to the Plaintiff. As a direct and proximate result of these intentional and illegal acts of the defendants. the plaintiff suffered personal injuries, Mental Injuries, physical Injuries and damages, as alleged.

22. Racial Profiling which was the substanial equivalent of Intentional torts, and was illegal per se or the Substantial equivalent of illegal and criminal conduct which caused or contributed to the cause of the damages to the Plaintiff. As a direct and proximate result of these intentional and illegal acts of the defendants. the plaintiff suffered personal injuries, Mental Injuries, physical Injuries and

13

damages, as alleged.

23. Assault and Battery which was the substanial equivalent of Intentional torts, and was

illegal per se or the Substantial equivalent of illegal and criminal conduct which caused

or contributed to the cause of the damages to the Plaintiff. As a direct and proximate

result of these intentional and illegal acts of the defendants. the plaintiff suffered

personal injuries, Mental Injuries, physical Injuries and damages, as alleged.

24. Outrageous Conduct which was the substanial equivalent of Intentional torts, and was

illegal per se or the Substantial equivalent of illegal and criminal conduct which caused

or contributed to the cause of the damages to the Plaintiff. As a direct and proximate

result of these intentional and illegal acts of the defendants. the plaintiff suffered

personal injuries, Mental Injuries, physical Injuries and damages, as alleged.

25. Illegal Search which was the substanial equivalent of Intentional torts, and was illegal

per se or the Substantial equivalent of illegal and criminal conduct which caused or

14

contributed to the cause of the damages to the Plaintiff. As a direct and proximate

result of these intentional and illegal acts of the defendants. the plaintiff suffered

personal injuries, Mental Injuries, physical Injuries and damages, as alleged.

26. Bias Prejudice which was the substanial equivalent of Intentional torts, and was

 illegal per se or the Substantial equivalent of illegal and criminal conduct which

caused or contributed to the cause of the damages to the Plaintiff. As a direct and

proximate result of these intentional and illegal acts of the defendants. the plaintiff

suffered personal injuries, Mental Injuries, physical Injuries and damages,

as alleged.

27. Malicious Prosecution which was the substanial equivalent of Intentional torts,

 and was illegal per se or the Substantial equivalent of illegal and criminal conduct

which caused or contributed to the cause of the damages to the Plaintiff. As a

 direct and proximate result of these intentional and illegal acts of the defendants.

the plaintiff suffered personal injuries, Mental Injuries, physical Injuries and

15

damages, as alleged.

28. Negligent misrepresentation which was the substanial equivalent of Intentional

torts, and was illegal per se or the Substantial equivalent of illegal and criminal

conduct which caused or contributed to the cause of the damages to the Plaintiff.

As a direct and proximate result of these intentional and illegal acts of the

defendants. the plaintiff suffered personal injuries, Mental Injuries, physical

Injuries and damages, as alleged.

29. Malicious Harassment which was the substanial equivalent of Intentional

torts, and was illegal per se or the Substantial equivalent of illegal and criminal

conduct which caused or contributed to the cause of the damages to the Plaintiff.

As a direct and proximate result of these intentional and illegal acts of the defendants.

the plaintiff suffered personal injuries, Mental Injuries, physical Injuries and

damages, as alleged.

30. for Article Sec 10 of the Mississippi Constitution and the Fourth

Amendments, Fifth Amendments, and Sixth Amendment of The United States

Constitution will be violated which was the substanial equivalent of Intentional

torts, and was illegal per se or the Substantial equivalent of illegal and criminal

conduct which caused or contributed to the cause of the damages to the Plaintiff.

As a direct and proximate result of these intentional and illegal acts of the defendants.

the plaintiff suffered personal injuries, Mental Injuries, physical Injuries and

damages, as alleged.


31. false arrest Miss. Code 15-1-35 which was the substanial equivalent of

Intentional torts, and was illegal per se or the Substantial equivalent of illegal

and criminal conduct which caused or contributed to the cause of the damages to

the Plaintiff. As a direct and proximate result of these intentional and illegal acts

of the defendants. the plaintiff suffered personal injuries, Mental Injuries,

physical Injuries and damages, as alleged.

17

32. Bad Faith which was the substanial equivalent of Intentional torts, and was illegal

per se or the Substantial equivalent of illegal and criminal conduct which caused or

contributed to the cause of the damages to the Plaintiff. As a direct and proximate result

of these intentional and illegal acts of the defendants. the plaintiff suffered personal

injuries, Mental Injuries, physical Injuries and damages, as alleged.


33. Defendants Lamar County Sheriff Department, Lamar County Jail, Lamar County

Board of Supervisors and Sheriff Danny Rigel violated constititutional rights and violated

civil rights laws.

Federal and State Laws was violated to the plaintiff. They are and encounterable to be

responsible to following Rules, Regulations, and also guidelines for Inmates, humans,

people and persons  that are remained in their custody. Responsibility to have

officers or deputies in a trained manner to handle the inmates or the ones in their custody.


The Constitutional due process right are guranteed Beauchene -V- Miss Coll. 986 F.

Supp 2d 755. 768 (S.D. Miss 2013).

Title 95 Tort Claim Mississippi Code Title 87 Contracts and Contractual

Relations Lamar County Board of Supervisors, Lamar County Sheriff Department, and Sheriff

Danny Rigel or contracted with the Government to Treat everyone as Human and to

provide proper care and to treat with professional manners to the public.

Miss. Code ANN 11-46-3-(1) Lamar County Board of Supervisors, Lamar County Sheriff Department, and Sheriff Danny Rigel failed to take some affirmative steps to cooperate in

achieving some goals of the care of Eva Cooley in Good Faith is unfaithfulness of the

care of a patient or person. Eva Cooley Justified Expectations of the other party.

Lamar County Board of Supervisors, Lamar County Sheriff Department, and Sheriff

Danny Rigel the breach of Good Faith is Bad Faith Characterized by the Defendants conduct

which violates stander of decency. Fairness or reasonableness, Dishonestly

conduct Denying was objectively unreasonable conduct. Regardless of actor

motive Lamar County Board of Supervisors, Lamar County Sheriff Department, and Sheriff

Danny Rigel have obligations of Injunctive Relief.

19

Lamar County Board of Supervisors, Lamar County Sheriff Department, and Sheriff

Danny Rigel Breached it rights of care with Eva Cooley by Breaching the Implied

covenant and of Good Faith and fair dealing. Intental Damage Eva Cooley by Emotional

Distress and

Mental Anguish.  Lamar County Board of Supervisors, Lamar County Sheriff

Department, and Sheriff Danny Rigel  performance and Enforcement Conduct was bad

violates the duty. Affirmative Action Hindering or preventing Common Law Duty to

perform in Good Faith own duty. Behavior that made Plaintiff life A Living Hell and

Undermined Eva Cooley Efforts to

Travel, go Shopping, to go and get food, to go to events, paranoid to ride in car, and

causes to having trust issues to people, thinking everyone is out to harm me.

Plaintiff base of Justifiably Expectations that the Defendants would not undermine

(Her) health.Independent Tort (11-46-5 Rev- 2012) Section 11-46-3 Subject to the

(MTCA) Miss. Code Ann Section 11-46-15(c) Rev. (2012). Malice means that the

defendant engaged in Intentional Conduct with the unlawful purpose of causing Eva

Cooley Damages and loss to Eva Cooley without right or Justifiable cause on the

part of the Defendants.Under Section 42 USC 1983 of the united states consititution

there are times when there is not an officially adopted policy, written rule, or regulation,

20

but a practice or custom that the plaintiff could assert was the force of the law, and for

which the entity should be held responsible. see e.g., Lopez. V City of Houston,

Nos H-03-2297 et al. 2008 WL 437056, at 1 (S.D. Tex. Feb. 14, 2008)., Where

the plaintiffs alleged a practice of mass dententions. However, The City put a policy

in place that was not in writing to attempt to clean up street racing in the City of

Houston, Notably, in enforcing the Policy, The City Engaged in separate, mass arrests

spanning from thrity seven people to two hundred and eighty- five people. Despite

the City's Arguments, The Court determined that the plaintiffs had produced sufficient

evidence to withstand Summary Judgement and Remanded the case for trial. Also see

Price-V-Sery, 513 F.3d 962 (9th Cir. 2008) Where the Ninth Circuit held that even

though the deadly force policy was, on its face, perfectly constitutional, that the

plaintiff had introduced sufficient evidence from which a jury could find that the

actual practice or custom regarding the use of deadly force was to shoot first

and ask questions later.

1. Negligence in the arrest, transportation, booking and the providing of medical care

of a person detained and held in custody.

21

2. Simple assault upon a person held in custody.

3. Wrongful arrest and wrongfully withholding medical attention and treatment to a

person detained in custody.

4. Such other claims as may be uncovered and discovered during the investigation of

this matter.

5. Pain and suffering.

# VIII

# Analysis

Most commonly understood, indivduals employed by or acting on behalf of local

governments are subject to suit under section 1983. Those individuals may be sued

in either thier personal or their official capacities. Whereas, a suit against an individual

acted in her or his official capacity constitutes a suit against the government entity on

whose behalf the individual acted , and thus requires the additional elements of proof

for claims against a government entity. On the other hand, a suit against the individual

in his or her personal capacity asserts claims against the individual. for example. In

Hafer V. Melo , 502 U.S. 21, 25-26 (1991) The United States Supreme Court

explained the differences between personal and official capacity suits:

    official capacity suits generally represent only another way of pleading an action

against an entity of which an officer is an agent. Suits against State Officials in their

official capacity therefore should be treated as suits against the state. because the real

party in interest in an official suit is the governmental entity and not the named official.

the entitys policy or custom must have played a part in the violation of federal law. for

the same reason, the only immunties available to the Defendants in an official capacity

action are those that the governmental entity possesses.

However, this court should note that all the defendants named in this suit are being

sued in both capacities, whereas at the time of this incidents occurrence his or hers

unlawful conduct toward Ms. Cooley were taken under color of law 42 USC 1983

The Supreme Court has established that the two  essential elements to a section

1983 section are 1. whether the conduct complained of was committed by a

person acting under color of state law and (2) whether this conduct deprived an

person of rights, privileges, or immunities secured by the constitiution or laws of the

United States  See, e.g., Parratt V. Taylor, 451 U.S. 527, 535 (1981). In practice,

23

there are actually four basic elements of a section 1983 claim against an individual.

The Plaintiff Must establish by a preponderance of the evidence. (1) that a person,

(2) acting under color of state law. (3) caused and (4) the deprivation her or him

of a federally protected right(s). It is important to note that section 1983 itself does

not create any federal protected right. Rather, it acts as a procedural vehicle for

asserting claims for such violations against state actors. The right itself must arise

from the constitution, or some federal statute other than 42 USC 1983. Generally

the violation of right arising under state law does not give rise to a section 1983

claim. see., eg., Collins V. Harker Heights, 503 U.S. 115, 119 (1992) (Although

the statute provides the citizen with an affective remedy against those abuses of

state power that violate federal law, it does not providea remedy for abuses that

do not violate federal law.

All Claims State and Federal Claims.


# V

# Conclusion

By this Complaint  Ms. Cooley presented this in Good Faith, thus timely

and not interposed  for an improper purpose under Rule 11 of the Fed. R. Civ. P.

Notably, Pursuant to 28 U.S.C. 1746 of the United States Constitution, Plaintiff

Declare Under penalty of prejury under the laws of the United States of America

that the foregoing information contained in this motion is true and correct and

respectfully request this court to grant this request without waiving any rights.

WHEREFORE, the Plaintiff prays that:

1. Process issue and be served upon the Defendants requiring them to answer in
accordance with law.

2. The Court impanel a jury to hear this cause.

3. The Plaintiff have a judgment against the Defendants, jointly and severely, for
compensatory damages in the amount of $5 Million Dollars, attorney fees, incidental
costs,
and court costs.

4. That the Plaintiff have general relief.

5. The Planitff requests for all audio and video recording.

6. The plaintiff request copy of the police report

7. The plaintiff requests copy of all evidences

8. A finding that Defendants violated plaintiff's Rights

9. Punitive Damages against the Individual Defendants for defamation
claims, Libel and Slander Law, Negligent in the amount of $5 Million Dollars

10. Emotional injury Damages for Stress, Trauma, and Emotional Distress
caused defendant's conduct.

11. Attorney Fees and court costs Under 42 U.S.C. 1988, Including the fees
and costs of experts that are incurred in prosecuting this action.

12. Expungement of all law enforcement records related to this incident.

13. Such injunctive relief as the Court deems necessary

14. And any other relief to which plaintiffs may be entitled.

I look forward to hearing from you regarding this claim and lawsuit.

Sincerely,

Eva S. Cooley

26

P.O. BOX 870081

Morrow, Ga 30287

601-297-2540

# Certificate of Service

I, Eva Cooley hereby, certify that I have hand delivered or mailed a true and correct copy to the Defendants of **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND JURY DEMAND**

This the _27ᵗʰ_ Day of <u>JANUARY</u>, 2022.

To The Defendants:

The Board of Supervisors of Lamar County, MISSISSIPPI, Lamar County Sheriff Danny Rigel, Lamar County Sheriff Department, Lamar County Jail AND 1-10 JOHN DOWES DEFENDANTS IS UNIDENTIFED UNTO ALL IS INDENITIFIED. ALL DEFENDANTS IS SUE INDIVIDUAL OFFICE CAPACITIES, JOB CAPACITIES, AND SUE OF INDIVIDUAL PERSON CAPACITIES.   this is a letter to intent and inform that the above Plaintiff will be failing a law sue against the defendants listed as Lamar County Sheriff Department, The Board of Supervisors Lamar County, Mississippi, Lamar County Sheriff Danny Rigel, Lamar County Jail AND 1-10 JOHN DOWES DEFENDANTS IS UNIDENTIFED UNTO ALL IS INDENITIFIED. ALL DEFENDANTS IS SUE INDIVIDUAL OFFICE CAPACITIES, JOB CAPACITIES, AND SUE OF INDIVIDUAL PERSON CAPACITIES.

LAMAR COUNTY BOARD OF SUPERVISORS

P.O. BOX 1240 AND 403 MAIN STREET

PURVIS, MS 39475

LAMAR COUNTY JAIL

201 MAIN STREET

PURVIS, MS 39475

LAMAR COUNTY SHERIFF'S DEPARTMENT

1

205 MAIN STREET B

PURVIS, MS 39475


SHERIFF DANNY RIGEL

205 MAIN STREET B

PURVIS, MS 39475

Sincerely,

Eva Cooley

870081

Morrow, Ga 30287

~~601-606-7339~~

601-297-2540

2