IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVA S. COOLEY**                                                                                    **PLAINTIFF**

**v.**                                                                           **CASE NO. 2:22-cv-00014-HSO-RHWR**

**LAMAR COUNTY SHERRIFF
DEPARTMENT,** *et al*                                                                            **DEFENDANTS**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS THIS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH ORDERS OF THE COURT

This matter is before the Court *sua sponte*. Pro se Plaintiff Eva S. Cooley initiated this action on January 27, 2022. see Compl. [1]. For the following reasons, the undersigned United States Magistrate Judge recommends dismissing this case without prejudice for failure to prosecute and comply with Orders of the Court.

### I. BACKGROUND

Plaintiff Eva S. Cooley ("Plaintiff" or "Cooley") filed this suit on January 27, 2022. Compl. [1]. On the same day, Plaintiff filed a [2] Motion for Leave to Proceed in forma pauperis ("IFP"), which the Court subsequently denied for failure to satisfy the requirements of 28 U.S.C. § 1915(a). Order [3] at 1. The Court directed Plaintiff to submit a completed IFP application on or before February 18, 2022, or pay the $400.00 civil filing fee. *Id*. at 3. The Court mailed the Order [3] to Plaintiff at her address of record. Plaintiff has not responded to this [3] Order.

After Plaintiff failed to timely respond, the Court entered an Order to Show

Cause [4] on February 28, 2022, directing Cooley to show cause, in writing, why this case should not be dismissed for failure to comply with a Court order. *See* Order [4] at 2. The Court informed Plaintiff that Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. *Id*. The Court also warned Plaintiff that failure to respond would result in dismissal of the case. *Id*. The Order [4] was mailed to Plaintiff at her address of record. Plaintiff has not responded to the Order [4].

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id*. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser

sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Court finds a clear record of delay and contumacious conduct on the part of Plaintiff. Plaintiff did not timely respond to the Court's [3] Order to submit a corrected IFP application, nor has Plaintiff responded to the Court's [4] Order to Show Cause. It appears from the record that Plaintiff is no longer interested in pursuing this case. She has not filed a pleading or otherwise corresponded with the Court since January 27, 2022. Mot. to Proceed IFP [2].

Further, the Court finds that lesser sanctions than dismissal would not prompt diligent prosecution, but instead, such efforts have proven futile. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a court order). Accordingly, all claims against all Defendants should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by Orders of the Court.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing this case without prejudice for failure to prosecute and abide by Orders of the Court.

### IV. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve

>and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 30th day of March 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE